**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
*Southern Division*

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | * | |
| Plaintiff, | * | |
| v. | | Case No.: GJH-17-528 |
| | * | |
| **DARIUS ERIC WILDER,** | | |
| | * | |
| Defendant. | | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION AND ORDER**

Defendant Darius Eric Wilder is currently serving a 420-month sentence at FMC Devens, a federal medical center within the Bureau of Prisons located in Massachusetts. Wilder was convicted and sentenced on two charges after he threw two homemade incendiary weapons – commonly known as Molotov cocktails – at his ex-girlfriend's second-floor apartment, causing a fire on her balcony. Defendant has appealed his convictions to the U.S. Court of Appeals for the Fourth Circuit. Pending before this Court is Mr. Wilder's Emergency Motion to Release Defendant for Home Confinement Pending Appeal Pursuant to 18 U.S.C. §§ 3143 and 3145. ECF No. 121. No hearing is necessary. *See* Loc. R. 105.6 (D. Md.). For the reasons that follow, Mr. Wilder's Emergency Motion to Release Defendant for Home Confinement is denied.

**I.   BACKGROUND**

On June 8, 2017, a Criminal Complaint was filed charging Defendant with malicious use of fire to damage property affecting interstate commerce in violation of 18 U.S.C. § 844(i), use of a destructive device during and in relation to a crime of violence in violation of 18 U.S.C. § 924(c), transportation or receipt of explosive materials by a prohibited person in violation of 18

U.S.C. § 842(i), and manufacturing/possession of an unregistered incendiary/destructive device in violation of 26 U.S.C. § 5861(d). ECF No. 1. On June 26, 2017, Defendant appeared before United States Magistrate Judge Thomas M. DiGirolamo, who entered an Order of Detention by Agreement. ECF Nos. 4, 8.

On September 19, 2017, following a detention hearing, Judge DiGirolamo entered an Order of Detention Pending Trial. ECF Nos. 22, 23. The Order found that there was probable cause to believe that Mr. Wilder committed an offense under 18 U.S.C. § 924(c), creating a rebuttable presumption under the Bail Reform Act, which Defendant had introduced insufficient evidence to rebut, that no conditions would reasonably assure his appearance and the safety of the community if he were released. ECF No. 23 at 2.[1] On May 9, 2018, following an earlier Indictment to which Mr. Wilder pleaded not guilty, *see* ECF Nos. 24, 26, a Superseding Indictment was filed charging Mr. Wilder with three counts: felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Count I); arson affecting interstate commerce in violation of 18 U.S.C. § 844(i) (Count II); and use and carry of a firearm during and in relation to a crime of violence, and possession of a firearm in furtherance of a crime of violence, in violation of 18 U.S.C § 924(c)(1)(A) and 18 U.S.C. § 924(c)(1)(B)(ii) (Count III). ECF No. 46 at 1–4. In sum, the Superseding Indictment alleged that Defendant used one or more incendiary bombs to set fire to an apartment in Gaithersburg, Maryland. *Id.* at 1. Mr. Wilder pleaded not guilty to all counts. ECF No. 50.

The Court held a four-day jury trial from August 13 to August 16, 2018. ECF Nos. 63, 64, 67, 69. On August 16, the first day of deliberations, the jury returned a verdict finding Defendant guilty on all counts. ECF No. 76. On August 29, 2018, Defendant moved for a new

---

[1] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

trial. ECF No. 79. On September 30, 2018, at the invitation of the Court, Defendant also filed a memorandum in support of a prior oral motion for a judgment of acquittal as to Count I. ECF No. 83.

On January 15, 2019, the Court issued a Memorandum Opinion and Order denying the motion for a new trial but granting the motion for judgment of acquittal as to Count I. ECF Nos. 87-1, 88. The Court summarized the evidence the Government had set forth:

> According to the evidence presented at trial, on April 15, 2017, Defendant lit and threw two improvised incendiary bombs—more commonly known as Molotov cocktails—towards his ex-girlfriend's second-story apartment balcony. One of the Molotov cocktails landed on the balcony, starting a small fire, while the other landed on the grass below. Mr. Wilder constructed the Molotov cocktails within the state of Maryland using glass liquor bottles (a Crème de Cacao bottle and a Havana Club bottle), gasoline, and green rags. Specifically, Mr. Wilder admitted in statements made to the police that he put the Molotov cocktails together "on the side of the house" and there was evidence of a so-called "debris field" next to the victim's apartment.

ECF No. 87-1 at 2–3. Based on this evidence, the Court found that the Molotov cocktails did not affect interstate commerce because they were assembled and used solely in the state of Maryland. *Id.* at 4, 7. As a result, the Government had failed to establish an element of Count I and the Court, accordingly, granted the Motion for Judgment of Acquittal as to Count I. *Id.* at 7.

As to the remaining counts, on March 18, 2019, the Court sentenced Mr. Wilder to 420 months of incarceration, including 60 months as to Count II and 360 months as to Count III to run consecutively. ECF Nos. 99, 100. The Court explained at the sentencing hearing that the sentence was slightly higher than the Court believed necessary but the periods of incarceration for each count were mandatory minimums set by statute, as was the requirement that the terms run consecutively. ECF No. 121-1 at 4. Before imposing the sentence, the Court expressed its thoughts on Defendant's actions:

> [T]he crime is a serious one and a dangerous one. The defendant used two improvised incendiary devices to start a fire on the balcony of an apartment complex. Fortunately, the bottles used did not break completely, so the fire did not spread, and more serious damage and injury was spared. The evidence shows that this was not his first attempt to do serious injury to the victim in this case. The evidence demonstrates that he had planned and thought out ways to do harm, that he had previously threatened not only to do harm to himself, in terms of lighting himself on fire, but had previously attempted or did loosen the lug nuts on her car.
> . . .
> Regarding the seriousness of the offense . . . [t]his could have ended the life of not only the victim in this case but many others.

*Id.* at 15. In light of the seriousness and dangerousness of Defendant's actions, the Court noted that even without the mandatory minimums, the Court would have imposed a "severe sentence . . . somewhere in the range of 20 or 25 years" because the Defendant committed "[a] violent crime that could have been much worse." *Id.* at 15–16.

On March 30, 2019, Mr. Wilder filed a Notice of Appeal of his convictions to the Fourth Circuit. ECF No. 102. The appeal raises three issues. First, Mr. Wilder argues that Count III, charging violations of 18 U.S.C. § 924(c), must be dismissed because that provision concerns possession and use of a destructive device in relation to a "crime of violence," and the statutory language that allowed the Court to find that arson was a crime of violence was later found to be unconstitutionally vague by the Supreme Court in *United States v. Davis*, 139 S. Ct. 2319 (2019)). Redacted Brief of Appellant at 23, *Wilder v. United States*, No. 19-4231 (4th Cir. Oct. 15, 2019), Doc. 34. The Government has conceded that Mr. Wilder is correct and that his conviction on Count III must be vacated on this ground. Redacted Brief of Appellee at 29, *Wilder v. United States*, No. 19-4231 (4th Cir. Nov. 18, 2019), Doc. 45. Next, Mr. Wilder argues that the Court erred at his trial by admitting evidence of specific "bad acts" committed earlier in his relationship with his ex-girlfriend. Redacted Brief of Appellant at 34, *Wilder*, Doc. 34. Finally, Mr. Wilder argues that the Court erred in instructing the jury that it could infer

consciousness of guilt from flight, stemming from evidence that he attempted to flee from law enforcement before his arrest. *Id.* at 45. Defendant concludes that the cumulative prejudice from these errors requires a new trial. *Id.* at 50. Additionally, Defendant notes in the pending Motion that even if only Count III is vacated, he has already served the majority of his sentence on Count II. ECF No. 121 at 14.

The appeal is now fully briefed and awaiting argument before the Fourth Circuit. On April 13, 2020, Mr. Wilder filed the pending Emergency Motion to Release Defendant for Home Confinement Pending Appeal Pursuant to 18 U.S.C. §§ 3143 and 3145. ECF No. 121. The Government filed a Response in Opposition on April 23, 2020, ECF No. 133, and Mr. Wilder filed a Reply on April 30, 2020, ECF No. 138. Mr. Wilder filed a Supplement in support of his Motion on May 7, 2020, ECF No. 139, to which the Government responded the following day, ECF No. 140.

## II. DISCUSSION

Mr. Wilder asks the Court to release him to home confinement pending appeal pursuant to 18 U.S.C. §§ 3143 and 3145 based on "exceptional reasons" presented by the COVID-19 pandemic. ECF No. 121 at 1 (quoting 18 U.S.C. § 3145(c)). He states that he was born with a serious heart condition that has limited his activities throughout his life and that he additionally suffers from polycystic kidney disease, stage 5 chronic kidney disease, and hypertension. *Id.* at 3–4, 11.[2] As a result, Mr. Wilder argues in his Motion that the risk to people who are incarcerated from COVID-19 is "heightened exponentially" for him. *Id.* at 9. He also points to the growing number of COVID-19 cases in federal prisons, as well as state prisons in Massachusetts, as evidence of the danger that remaining incarcerated presents to his heath. *Id.* at

---

[2] Defendant has filed medical records under seal that confirm these diagnoses. ECF No. 123.

6–7; 16–20. In his Reply, Defendant states that an inmate at FMC Devens has now been diagnosed with COVID-19. ECF No. 138 at 1. In his Supplement, Defendant states that the inmate who tested positive is now deceased and that two other inmates in Defendant's unit have now contracted the disease. ECF No. 139 at 1. The Government contests this allegation and states that all other inmates have tested negative besides the one identified in Defendant's Reply. ECF No. 140.

In its Response, the Government asserts that while incarcerated at FMC Devens, Defendant has been continually evaluated by various medical personnel who have conducted tests and examinations and have encouraged and recommended that Defendant undergo various treatment and care options for his chronic conditions. ECF No. 133 at 11–12. Such treatment has included dialysis, which medical staff have repeatedly informed Defendant is necessary but which he has refused. *Id.* at 12.[3] In his Reply, Mr. Wilder cites a declaration from his mother, a practicing physician, who explains that Mr. Wilder has declined treatment at FMC Devens because he is concerned about the cleanliness and safety of the facilities and because of his religious faith. ECF No. 138 at 11 (citing ECF No. 138-1 ¶ 5). Dr. Wilder also declares that if her son is released to home confinement, she will be able to stay with and monitor him full-time as she practices medicine remotely during the pandemic. *Id.* at 8 (citing ECF No. 138-1 ¶ 9). Finally, Dr. Wilder declares that she has spoken with Mr. Wilder and that he has agreed that if released he will undergo dialysis treatment to which she will escort him. *Id.* at 11–12 (citing ECF No. 138-1 ¶ 6).

The Court "recognize[s] the unprecedented magnitude of the COVID-19 pandemic," *United States v. Martin*, No. PWG-19-140-14, ECF No. 209 at 4 (D. Md. Mar. 17, 2020), and its

---

[3] The Government has filed sealed medical records corroborating these assertions. ECF Nos. 135, 135-1.

effect on virtually every sector of public life, *see United States v. Williams*, No. PWG-13-544, ECF No. 94 at 3 (D. Md. Mar. 24, 2020). It is a rapidly evolving event about which the Court is continually learning as much information as possible. *See United States v. Gibson-Bey*, No. RDB-19-563, ECF No. 26 at 3 (D. Md. Mar. 31, 2020). And the Court does not take lightly the seriousness of the pandemic, particularly for individuals who are incarcerated and have chronic medical conditions, as described in additional materials that Mr. Wilder has provided concerning conditions at FMC Devens. ECF No. 138 at 13–15; ECF No. 138-2. Nonetheless, the Court is still guided by the Bail Reform Act, 18 U.S.C. §§ 3141 *et seq.*, in determining whether to release an individual who has been convicted and is pending appeal.

Mr. Wilder's Motion requests release pursuant to 18 U.S.C. § 3143(b), which governs motions for release pending appeal following sentencing. The statute states as follows:

> (b) Release or Detention Pending Appeal by the Defendant.—
>
> (1) Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—
> (i) reversal,
> (ii) an order for a new trial,
> (iii) a sentence that does not include a term of imprisonment, or
> (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.
>
> If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

> (2) The judicial officer shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained.

18 U.S.C § 3143(b). In short, § 3143(b)(2) establishes mandatory detention pending appeal for defendants convicted of certain crimes, while § 3143(b)(1) establishes for all other convictions a presumption of detention pending appeal that can be overcome if certain conditions are met. Defendant correctly acknowledges that his arson conviction under 18 U.S.C. § 844(i) qualifies, through a series of statutory cross-references, as an offense triggering mandatory detention under § 3143(b)(2). ECF No. 121 at 8. § 3143(b)(2) applies to convictions for offenses listed in § 3142(f)(1)(A)-(C), and § 3142(f)(1)(A) discusses offenses including those listed in 18 U.S.C. § 2332b(g)(5)(B) "for which a maximum term of imprisonment of 10 years or more is prescribed." 18 U.S.C. § 3142(f)(1)(A). § 2332b(g)(5)(B), in turn, is an extensive list of offenses that includes § 844(i), and that provision mandates a term of imprisonment of "not less than 5 years and not more than 20 years." 18 U.S.C. § 844(i). Accordingly, mandatory detention under § 3143(b)(2) applies to Defendant's conviction under § 844(i).

However, 18 U.S.C. § 3145(c), on which Defendant relies, operates as a "safety valve to the mandatory detention rules" established by 18 U.S.C. § 3143(b)(2) and 18 U.S.C. § 3143(a)(2), which establishes mandatory detention pending sentencing for the same class of convictions. *United States v. Harris*, No. 19-356, 2020 WL 1503444, at *5 (D.D.C. Mar. 27, 2020). § 3145(c) states that "[a] person subject to detention pursuant to section 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in section 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate."

In other words, in order to obtain release pending appeal under § 3143(b) and § 3145(c), an individual convicted of an offense such as Defendant's must: (1) demonstrate by clear and convincing evidence that he is not likely to flee or pose a danger to the safety of others; (2) demonstrate that his appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in reversal, a new trial, a sentence without imprisonment, or a reduced sentence for a period less than the time already served plus the expected duration of the appeal; and (3) clearly show that there are exceptional reasons justifying his release. *Cf. United States v. Ashley*, No. RDB-06-0034, 2020 WL 1675994, at *3 (D. Md. Apr. 6, 2020) (describing the requirements for § 3145(c) release pending sentencing under § 3143(a)). Importantly, if the Court cannot make the appropriate finding regarding the defendant's dangerousness, the defendant cannot be released.

Thus, the Court will first determine whether Mr. Wilder has demonstrated by clear and convincing evidence that he is not likely to flee or to pose a danger to the safety of any other person or the community if released. 18 U.S.C. § 3143(b)(1)(A). The Court considers a variety of factors in considering whether a defendant poses a danger to others or the community, including "the nature and circumstances of the offense charged, including whether the offense is a crime of violence . . . or involves a . . . controlled substance, firearm, explosive, or destructive device"; "the weight of the evidence against the person"; "the history and characteristics of the person . . ."; and "the nature and seriousness of the danger to any person or the community that would be posed by the person's release." *Id.* § 3142(g).

Defendant argues that the familial support he would have if released minimizes the danger he would present to the community. ECF No. 121 at 14–15; ECF No. 138 at 7. Specifically, Mr. Wilder emphasizes that he would be living with his mother and that she would

ensure he remains at home and obeys his conditions of release, as she attests in her declaration. ECF No. 138 at 9 (citing ECF No. 138-1 ¶¶ 13–15). As the Government notes and Defendant does not contest, however, Mr. Wilder resided with his mother when he committed the offenses for which he is imprisoned. ECF No. 133 at 8. Mr. Wilder responds that his circumstances are now different because of his awareness that leaving home during the pandemic would place him in significant danger due to his conditions, his knowledge that any breach of release conditions would return him to prison, the availability of electronic monitoring, his optimism about the success of his appeal, and his mother's ability to work from home and supervise him, as well as her more complete knowledge of his mental health issues than at the time of the offenses. ECF No. 138 at 9.

These factors are insufficient to meet the threshold of clear and convincing evidence, however, in light of the inarguable violence and dangerousness of the offenses of which Defendant was found guilty. As the Court explained in addressing the post-trial motions, Defendant was convicted of constructing and throwing two Molotov cocktails onto a balcony to try to start a fire in his ex-girlfriend's apartment. ECF No. 87-1 at 2. The incident, as the Court noted at the sentencing hearing, could have killed not only the Defendant's ex-girlfriend, but many others as well, rendering it a "very serious, very violent, very dangerous" offense. ECF No. 121-1 at 14–15. Defendant's crimes by definition involved explosives, *see* 18 U.S.C. § 3142(g)(1), and the evidence showed "that this was not [Defendant's] first attempt to do serious injury to the victim." ECF No. 121-1 at 15. In fact, Defendant "had previously threatened not only to do harm to himself, in terms of lighting himself on fire, but had previously attempted or did loosen the lug nuts on [the victim's] car." *Id.*

At the sentencing hearing, the Court acknowledged that Defendant has experienced significant personal tragedies that helped lead to mental health and substance abuse issues. *See id.* But those challenges do not lessen the seriousness, dangerousness, and violence of his actions. And while Mr. Wilder has identified changes in his circumstances since the time of his arrest that he asserts reduce his dangerousness to others, "these consideration[s] do not vitiate his . . . violent history or assuage the Court that he will not pose a danger to the community." *Ashley*, 2020 WL 1675994, at *3. For these reasons, the Court concludes that Mr. Wilder has not shown by clear and convincing evidence that he is not likely to pose a danger to the safety of any other person or the community if released, and has thus failed to satisfy the requirements of 18 U.S.C. § 3143(b)(1)(A). He must therefore remain detained, and the Court need not decide whether his appeal meets the "substantial question" test of § 3143(b)(1)(B),[5] nor the "exceptional reasons" requirement of § 3145(c).[6]

---

[5] It bears noting, however, that even if Mr. Wilder's appeal is successful, immediate release would not be the result. Pursuant to the mandatory minimums set by statute, the Court sentenced Mr. Wilder to 60 months as to Count II and 360 months as to Count III. ECF No. 121-1 at 16. Assuming that his § 924(c) conviction under Count III is vacated in light of the Supreme Court's decision in *Davis*, Mr. Wilder's 60-month sentence still remains. Further, even if his § 844(i) conviction under Count II is also vacated by a ruling in his favor on the evidentiary issues he has raised, the § 3142(g) factors would point strongly in favor of his detention pending a new trial. While these considerations do not bear directly on the Court's assessment of Mr. Wilder's Motion, they suggest the impracticality of ordering release at this stage, despite the public health emergency that the COVID-19 pandemic presents.

[6] It should also be noted that while Defendant does present with serious complicating health conditions, the facility where he is housed apparently has only had between one and three COVID-19 positive patients, which is a relatively low number. Indeed, the only patient whom the parties agree has tested positive is now deceased. ECF No. 138 at 1; ECF No. 139 at 1; ECF No. 140 at 1. Nonetheless, even if this was sufficient to establish "exceptional reasons" under § 3145(c), the Court would find that Mr. Wilder presents too significant of a danger to be released.

## III.  CONCLUSION

For the foregoing reasons, it is ordered by the United States District Court for the District of Maryland that Defendant's Emergency Motion to Release Defendant for Home Confinement Pending Appeal, ECF No. 121, is **DENIED**.


Date: <u>May   11, 2020</u>                                             /s/_____
                                                                                 GEORGE J. HAZEL
                                                                                 United States District Judge