IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal Case No. 17-cr-00528-LKG |
| ) | |
| DARIUS ERIC WILDER, ) | Dated: April 16, 2025 |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER ON
DEFENDANT'S MOTION TO REDUCE SENTENCE**

**I.  INTRODUCTION**

Defendant, Darius Eric Wilder, has moved to reduce his sentence, pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 166. The motion to reduce sentence is fully briefed. ECF Nos. 166, 171 and 177; *see also* ECF Nos. 179 and 182. The Defendant has also filed a motion to seal certain medical records filed in support of his motion. ECF No. 180. No hearing is necessary to resolve these motions. *See* L.R. 105.6 (D. Md. 2023). For the reasons that follow, the Court: (1) **DENIES** the Defendant's motion to reduce sentence (ECF No. 166) and (2) **GRANTS** the Defendant's motion to seal (ECF No. 180).

**II.  BACKGROUND AND PROCEDURAL HISTORY**

Defendant, Darius Eric Wilder is a 48-year-old federal prisoner, currently incarcerated at Federal Medical Center ("FMC") Devens, located in Ayer, Massachusetts. ECF No. 166 at 6; ECF No. 166-3 at 1; ECF No. 166-16. Mr. Wilder is serving a sentence of 132 months of imprisonment, after having been convicted of arson affecting interstate commerce, in violation of 18 U.S.C. § 844(i). ECF No. 153.

<u>Background</u>

On April 15, 2017, Mr. Wilder threw two improvised incendiary devices towards a second-story balcony outside his former girlfriend's apartment. ECF No. 145 at ¶¶ 8 and 11. First Responders arrived at the scene and extinguished the fire, which charred a portion of the balcony floor and two bicycle tires, but did not spread beyond the outdoor space. *Id*. at ¶ 7. No one was in the apartment at the time. *Id*. at ¶ 11

On August 16, 2018, a jury found Mr. Wilder guilty of: (1) arson affecting interstate commerce, in violation of 18 U.S.C. § 844(i) and (2) possession of a destructive device in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A).[1]  ECF No. 76.  The Court held a sentencing hearing on March 22, 2019.  ECF No. 99.  At the conclusion of the sentencing hearing, the Court sentenced Mr. Wilder to 420 months of imprisonment, which included a mandatory minimum 360-month sentence of imprisonment for possession of a destructive device and a consecutive mandatory minimum sentence of 60 months of imprisonment for the arson offense.  ECF No. 100.

On March 30, 2019, Mr. Wilder appealed his sentence.  ECF No. 102.  On November 13, 2020, the United States Court of Appeals for the Fourth Circuit vacated Mr. Wilder's sentence and conviction for possession of a destructive device in furtherance of a crime of violence under 18 U.S.C. § 924(c)(1)(A) and remanded the case for resentencing on the arson offense.  *United States v. Wilder*, 834 F. App'x 782 (4th Cir. Nov. 13, 2020).

On March 17, 2021, the Court resentenced Mr. Wilder for the arson offense.  ECF No. 151.  During the sentencing hearing, the Court determined that the applicable Guidelines range was 60-63 months of imprisonment, because the total offense level was 24 and Mr. Wilder's criminal history was Category I.  *See* ECF No. 145 at 25.  After weighing the relevant factors under 18 U.S.C. § 3553(a)—including the need to protect Mr. Wilder's ex-girlfriend—the Court imposed a sentence of 132 months of imprisonment.  ECF No. 153.  The Fourth Circuit affirmed the Court's Judgment on April 11, 2023.  *United States v. Wilder*, 2023 WL 2888550 (4th Cir. Apr. 11, 2023).

During his period of incarceration, Mr. Wilder has suffered from Autosomal Dominant Polycystic Kidney Disease ("ADPKD"), which is a progressive, hereditary illness that impairs the kidneys' function.  ECF No. 166 at 5.  On September 29, 2020, lab testing revealed that Mr. Wilder's kidneys were only functioning at two percent of their capacity.  *Id*.  And so, Mr. Wilder has continued to receive dialysis treatment three times a week at FMC Devens during his period of incarceration.  *Id*.  While on dialysis, Mr. Wilder has also experienced fatigue, chest pain, nausea, vomiting and muscle cramps.  *Id*. at 6.

---

[1] A jury also convicted Mr. Wilder of felon in possession of an explosive, in violation of 18 U.S.C. § 842(i)(1).  ECF No. 76.  On January 15, 2019, the Court acquitted Mr. Wilder of this offense.  ECF No. 88.

2

Mr. Wilder has placed his name on a waiting list to be evaluated for a kidney transplant at FMC Devens. *Id*. But the BOP medical providers have advised that there is not sufficient time left on his sentence for a kidney transplant to be performed. ECF No. 166 at 7-8. Mr. Wilder's projected release date is September 29, 2026. ECF No. 166-2 at 2.

Procedural History

On August 24, 2023, Mr. Wilder filed a motion to reduced sentence. ECF No. 166. On September 14, 2023, the Government filed a response in opposition to Mr. Wilder's motion. ECF No. 171. On October 10, 2023, Mr. Wilder filed a reply brief. ECF No. 177.

On April 11, 2024, Mr. Wilder filed an emergency supplement in support of his motion to reduce sentence and a motion to seal. ECF Nos. 179 and 180. On November 20, 2024, Mr. Wilder filed a second supplement in support of his motion to reduced sentence. ECF No. 182.

The Court resolves the pending motions.

### III.   LEGAL STANDARDS

#### A. Compassionate Release

The United States Court of Appeals for the Fourth Circuit has held that a court "may not modify a term of imprisonment once it has been imposed." *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019) (citing 18 U.S.C. § 3582(c)); *accord United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020). But "the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). One such exception to this rule is when the modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); *see Jackson*, 952 F.3d at 495.

Commonly termed the "compassionate release" provision, 18 U.S.C. § 3582(c)(1)(A)(i) provides a statutory vehicle to modify a defendant's sentence. *United States v. Wiggins*, 2020 WL 4436373, at *2 (D. Md. Aug 3, 2020). Section 3582 was adopted as part of the Sentencing Reform Act of 1984. *Id*. The statute originally permitted a court to alter a sentence only upon a motion by the Director of the BOP. *See* Pub. L. No. 98-473, § 224(a), 98 Stat. 2030 (1984). And so, a defendant seeking compassionate release had to rely on the BOP Director for relief. *See Jarvis v. Stansberry*, 2008 WL 5337908, at *1 (E.D. Va. Dec. 18, 2008) (denying motion for compassionate release because Section 3582 "vests absolute discretion" in the BOP).

In December 2018, Congress significantly amended the compassionate release mechanism when it enacted the First Step Act of 2018 ("FSA"). *See* Pub. L. 115-391, 132 Stat.

3

5239 (2018). This Court has held that, as amended by the FSA, 18 U.S.C. § 3582(c)(1)(A) permits a court to reduce a sentence of imprisonment "upon motion of the Director of [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility," whichever occurs first. *Wiggins*, 2020 WL 4436373, at *2. And so, there are two routes for a defendant to file motion for reduction of sentence with the district court, one of which does not require exhaustion of administrative remedies. *United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021) ("The text of § 3582(c)(1)(A) plainly provides that a defendant may file a motion on his own behalf 30 days after the warden receives his request, regardless of whether the defendant exhausted his administrative remedies").

"In analyzing a motion for compassionate release, district courts must determine: (1) whether extraordinary and compelling reasons warrant such a reduction; and (2) that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. Only after this analysis may the district court grant the motion if the relevant 18 U.S.C. § 3553(a) factors, to the extent they are applicable, favor release." *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023) (internal citations omitted); *see also United States v. Matthews*, No. 24-7014, 2025 WL 325638, at *1 (4th Cir. Jan. 29, 2025).

Relevant to the pending motion to reduce sentence, the policy statement for U.S.S.G. § 1B1.13 provides that the Court may reduce a term of imprisonment pursuant to a defendant's motion under 18 U.S.C. § 3582(c)(1)(A) if, after considering the applicable factors set forth in 18 U.S.C. § 3553(a), the Court determines that:

(1)    (A) extraordinary and compelling reasons warrant the reduction; or

       (B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

(2)    the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3)    the reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13(a).  In determining whether the Defendant poses a danger to the community, the Court weighs the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  18 U.S.C. § 3142(g).

IV.     ANALYSIS

Mr. Wilder has moved to reduce his sentence upon the grounds that: (1) his ADPKD, which has resulted in end-stage renal failure, is a "terminal illness" that qualifies as an "extraordinary and compelling reason" for compassionate release; (2) the BOP's unwillingness to pursue a kidney transplant for him is also an "extraordinary and compelling reason" for compassionate release; and (3) the Section 3553(a) factors support a sentence reduction.  ECF No. 166 at 1.  And so, Mr. Wilder requests that the Court reduce his sentence to time served.  *Id*. at 23.

The Government acknowledges in its response in opposition to Mr. Wilder's motion, that Mr. Wilder's kidney disease is an extraordinary and compelling reason that could make him eligible for compassionate release.  ECF No. 171 at 19-20.  But, the Government argues that the Court should deny Mr. Wilder's motion because: (1) Mr. Wilder remains a danger to the community and (2) the Section 3553(a) factors counsel against a sentence reduction.  *Id*. at 21-24.  And so, the Government requests that the Court deny Mr. Wilder's motion.  *Id*. at 24.

For the reasons that follow, Mr. Wilder has shown an extraordinary and compelling reason to reduce his sentence, given his ADPKD, which has resulted in end-stage renal failure. But the record before the Court shows that Mr. Wilder poses a danger to the victim of his crime. And so, the Court: (1) DENIES the Defendant's motion to reduce sentence (ECF No. 166) and (2) GRANTS the Defendant's motion to seal (ECF No. 180).

    A. **Mr. Wilder Has Shown An Extraordinary And Compelling Reason To Reduce His Sentence**

As an initial matter, Mr. Wilder has shown an extraordinary and compelling reason for compassionate release, due to his terminal illness.  It is undisputed that Mr. Wilder is suffering from end-stage renal failure, due to his ADPKD, and that his medical condition constitutes a "terminal illness" that qualifies as an "extraordinary and compelling reason" for compassionate release under the relevant Sentencing Guidelines.  *See* ECF Nos. 166 at 10-15 and 171 at 20; *see*

*also* U.S.S.G. § 1B1.13(b)(1)(A) (providing that terminal illness, including end-state organ disease is an extraordinary and compelling circumstance). Given this, the Court next considers whether a reduction of Mr. Wilder's sentence is consistent with applicable policy statements issued by the Sentencing Commission. *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023)

### B. Mr. Wilder Poses A Danger To The Community

The Court agrees with the Government that a reduction of Mr. Wilder's sentence would not be consistent with the applicable Sentencing Commission policy statement in this case, because Mr. Wilder remains a potential danger to the victim of his crime. In determining whether Mr. Wilder poses a danger to the community, the Court considers: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). Here, these factors weigh in favor of finding that Mr. Wilder poses a danger to the victim of his crime for several reasons.

First, the Court observes that the nature and circumstances of the arson offense for which Mr. Wilder has been convicted are very serious and troubling. Mr. Wilder stands convicted of arson after he attempted to set fire to an apartment building where his then-girlfriend resided. ECF No. 145 at ¶¶ 8 and 11. As the Government acknowledges in its responsive brief, this offense is not a categorical crime of violence. ECF No. 171 at 21. But the specific facts of the case show that Mr. Wilder committed arson with the intent to create fear in his then-girlfriend. ECF No. 145 at ¶¶ 6-19.

The weight of the evidence against Mr. Wilder is also strong. The evidence against Mr. Wilder includes, among other things: (1) his partial acceptance of responsibility for this crime; (2) cell-site evidence placing him at the scene of the crime; and (3) DNA evidence on the explosive devices employed. *Id*. at ¶ 17; ECF No. 171 at 21. While Mr. Wilder's criminal history is relatively limited, because he falls within criminal history is Category I, the Government argues with some persuasion that Mr. Wilder's criminal history is, nonetheless, concerning, because he has had frequent brushes with the law and engaged in erratic behavior in the past. ECF No. 145 at ¶ 48; *see also* ECF No. 171 at 22.

6

More importantly, the evidence before the Court makes clear that the victim of Mr. Wilder's arson offense remains fearful of him. ECF No. 171 at 22-24. Notably, the victim informs the Court that Mr. Wilder's repeated appeals of his conviction and sentence in this case have robbed her of peace of mind and re-traumatized her. *Id*. at 22 ("Every time I think I've got[ten] over a small hurdle of moving forward with my life and my mental state, here goes something always coming up with Mr. Wilder in this case. I am mentally drained from this and dealing with Mr. Wilder every year or every other year").

The Court is mindful that requiring Mr. Wilder to serve the relatively short remaining term of his sentence may not guarantee that his victim's peace of mind will be restored. The Court also observes that evidence shows that Mr. Wilder has had no contact with the victim of his crime since his incarceration and that he has also taken steps towards rehabilitation while incarcerated. ECF No. 166 at 18-20. But the concerns raised by the victim in this case, as well as by the Government, that Mr. Wilder remains a threat to his victim's personal and emotional safety are of significant concern to this Court.

Given these concerns, the relevant factors that the Court considers to determine whether Mr. Wilder poses a continued danger to the community, show that he still poses a danger to the victim in this case. For this reason, Mr. Wilder has not met his burden to show that he is eligible for compassionate release. *See* U.S.S.G. § 1B1.13(2); *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023). And so, the Court DENIES Mr. Wilder's motion for reduction of sentence.

C. **The Court Grants The Defendant's Motion To Seal**

As a final matter, the Court will grant Mr. Wilder's motion to seal certain medical records filed in support of this motion to reduce sentence (ECF No. 180). The Government does not object to this motion and a review of the subject records shows that they contain sensitive medical information, the release of which would harm Mr. Wilder's privacy rights. The Court is also satisfied that there are no less restrictive alternatives that would protect the confidentiality of this information. And so, the Court GRANTS Mr. Wilder's motion to seal. *Doe v. Pub. Citizen*, 749 F.3d 246, 272 (4th Cir. 2014) (citing *In re Knight Pub. Co.*, 743 F.2d 231, 234-35 (4th Cir. 1984)).

V.    **CONCLUSION**

For the foregoing reasons, the Court:

(1)  **DENIES** the Defendant's motion for reduction of sentence (ECF No. 166); and

(2)  **GRANTS** the Defendant's motion to seal (ECF No. 180).

**IT IS SO ORDERED.**

s/Lydia Kay Griggsby<br>
LYDIA KAY GRIGGSBY<br>
United States District Judge