IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| v. ) | Criminal Case No. 17-cr-00528-LKG |
| ) | |
| DARIUS ERIC WILDER, ) | Dated: December 23, 2025 |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER ON
DEFENDANT'S MOTION FOR RECONSIDERATION**

## I.  INTRODUCTION

The Defendant, Darius Eric Wilder, has moved for reconsideration of the Court's April 17, 2025, Memorandum Opinion and Order (the "April 17, 2025, Decision") denying his motion to reduce sentence pursuant to 18 U.S.C. § 3582(c)(1)(A). ECF No. 186. The motion is fully briefed. ECF Nos. 186 and 188. No hearing is necessary to resolve the motion. *See* L.R. 105.6 (D. Md. 2025). For the reasons that follow, the Court: (1) **GRANTS** the Defendant's motion for reconsideration (ECF No. 186); (2) **GRANTS** the Defendant's motion to reduce sentence (ECF No. 166); and (3) **REDUCES** the Defendant's sentence to time served, pursuant to 18 U.S.C. § 3582(c)(1)(A).

## II.  BACKGROUND AND PROCEDURAL HISTORY

Mr. Wilder is a 49-year-old federal prisoner, currently incarcerated at Federal Medical Center ("FMC") Devens, located in Ayer, Massachusetts. ECF No. 166 at 6; ECF No. 166-3 at 1; ECF No. 166-16. Mr. Wilder is serving a sentence of 132 months of imprisonment, after having been convicted of arson affecting interstate commerce, in violation of 18 U.S.C. § 844(i). ECF No. 153.

As background, on April 15, 2017, Mr. Wilder threw two improvised incendiary devices towards a second-story balcony outside his former girlfriend's apartment. ECF No. 145 at ¶¶ 8 and 11. First Responders arrived at the scene and extinguished the fire, which charred a portion of the balcony floor and two bicycle tires, but did not spread beyond the outdoor space. *Id*. at ¶ 7. No one was in the apartment at the time. *Id*. at ¶ 11.

On August 16, 2018, a jury sitting in the District of Mayland found Mr. Wilder guilty of: (1) arson affecting interstate commerce, in violation of 18 U.S.C. § 844(i) and (2) possession of a destructive device in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A).[1] ECF No. 76.  The Court initially sentenced Mr. Wilder to a term of 420 months of imprisonment on March 18, 2021.  ECF Nos. 99 and 100.

After Mr. Wilder appealed this sentence and the United States Court of Appeals for the Fourth Circuit vacated his § 924 (c) conviction, the Court re-sentenced Mr. Wilder to a term of 132 months' imprisonment as to Count 2, with credit for time served since April 19, 2017, to be followed by three years of supervised release.  ECF Nos. 151 and 153.  This sentence was above the then-applicable Guidelines range of 60-63 months of imprisonment.  *Id*.

During his period of incarceration, Mr. Wilder has suffered from Autosomal Dominant Polycystic Kidney Disease ("ADPKD"), which is a progressive, hereditary illness that impairs the kidneys' function.  ECF No. 166 at 5.  Mr. Wilder is now suffering from end-stage renal failure.  *Id*. at 5-6.

On August 23, 2023, Mr. Wilder filed a motion for a reduced sentence pursuant to 18 U.S.C. § 3582 (c)(1)(A).  ECF No. 166.  On April 17, 2025, the Court denied the motion.  ECF No. 184.  In the April 17, 2025, Decision, the Court held that Mr. Wilder had shown an extraordinary and compelling reason for compassionate release, due to his terminal illness.  ECF No. 184 at 5-6 and 11-12; *see also* U.S.S.G. § 1B1.13(b)(1)(A) (providing that terminal illness, including end-state organ disease is an extraordinary and compelling circumstance).  But the Court concluded that a reduction of Mr. Wilder's sentence was not warranted, because Mr. Wilder remained a potential danger to the victim of his crime, his former girlfriend Ms. J. Harrington.  ECF No. 184 at 6-7.  And so, the Court denied Mr. Wilder's motion.  *Id*. at 7.

On May 5, 2025, Mr. Wilder filed a motion for reconsideration of the Cout's April 17, 2025, Decision.  ECF No. 186.  On June 5, 2025, the Government filed a response in opposition to Mr. Wilder's motion.  ECF No. 188.  On June 20, 2025, Mr. Wilder filed a reply brief.  ECF No. 189.

---

[1] The jury also convicted Mr. Wilder of felon in possession of an explosive, in violation of 18 U.S.C. § 842(i)(1).  ECF No. 76.  On January 15, 2019, the Court acquitted Mr. Wilder of this offense.  ECF No. 88.

The Defendant's motion for reconsideration having been fully briefed, the Court resolves the pending motion.

## III. LEGAL STANDARDS

### A. Motions For Reconsideration

Although the Federal Rules of Criminal Procedure do not address whether a party may move for reconsideration of a decided motion, this Court generally assesses such motions using the standards applicable under Federal Rule of Civil Procedure 59(e). *United States v. Russell*, 747 F. Supp. 3d 827, 829 (D. Md. 2024); *United States v. Royal*, Crim. No. TDC-09-0048, 2022 WL 3648027, at *2 (D. Md. Aug. 24, 2022). Pursuant to Fed. R. Civ. P. 59(e), the Court may entertain a motion to reconsider its ruling on a motion for compassionate release in order to (1) accommodate an intervening change in controlling law, (2) account for new evidence not previously available, or (3) correct a clear error of law or prevent manifest injustice. *Zinkand v. Brown*, 478 F.3d 634, 637 (4th Cir. 2007) (citing *Ingle v. Yelton*, 439 F.3d 191, 197 (4th Cir. 2006)) (internal quotations omitted). And so, "Rule 59(e), in essence, gives the district court a chance to correct its own mistake if it believes one has been made." *Id*.

### B. Compassionate Release

The United States Court of Appeals for the Fourth Circuit has held that a court "may not modify a term of imprisonment once it has been imposed." *United States v. Martin*, 916 F.3d 389, 395 (4th Cir. 2019) (citing 18 U.S.C. § 3582(c)); *accord United States v. Jackson*, 952 F.3d 492, 495 (4th Cir. 2020). But "the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). One such exception to this rule is when the modification is "expressly permitted by statute." 18 U.S.C. § 3582(c)(1)(B); *see Jackson*, 952 F.3d at 495.

Commonly termed the "compassionate release" provision, 18 U.S.C. § 3582(c)(1)(A)(i) provides a statutory vehicle to modify a defendant's sentence. *United States v. Wiggins*, 2020 WL 4436373, at *2 (D. Md. Aug 3, 2020). Section 3582 was adopted as part of the Sentencing Reform Act of 1984. *Id*. The statute originally permitted a court to alter a sentence only upon a motion by the Director of the BOP. *See* Pub. L. No. 98-473, § 224(a), 98 Stat. 2030 (1984). And so, a defendant seeking compassionate release had to rely on the BOP Director for relief. *See Jarvis v. Stansberry*, 2008 WL 5337908, at *1 (E.D. Va. Dec. 18, 2008) (denying motion for compassionate release because Section 3582 "vests absolute discretion" in the BOP).

3

In December 2018, Congress significantly amended the compassionate release mechanism when it enacted the First Step Act of 2018 ("FSA"). *See* Pub. L. 115-391, 132 Stat. 5239 (2018). This Court has held that, as amended by the FSA, 18 U.S.C. § 3582(c)(1)(A) permits a court to reduce a sentence of imprisonment "upon motion of the Director of [BOP], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility," whichever occurs first. *Wiggins*, 2020 WL 4436373, at *2. And so, there are two routes for a defendant to file motion for reduction of sentence with the district court, one of which does not require exhaustion of administrative remedies. *United States v. Muhammad*, 16 F.4th 126, 129 (4th Cir. 2021) ("The text of § 3582(c)(1)(A) plainly provides that a defendant may file a motion on his own behalf 30 days after the warden receives his request, regardless of whether the defendant exhausted his administrative remedies").

"In analyzing a motion for compassionate release, district courts must determine: (1) whether extraordinary and compelling reasons warrant such a reduction; and (2) that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. Only after this analysis may the district court grant the motion if the relevant 18 U.S.C. § 3553(a) factors, to the extent they are applicable, favor release." *United States v. Malone*, 57 F.4th 167, 173 (4th Cir. 2023) (internal citations omitted); *see also United States v. Matthews*, No. 24-7014, 2025 WL 325638, at *1 (4th Cir. Jan. 29, 2025).

Relevant to the pending motion to reduce sentence, the policy statement for U.S.S.G. § 1B1.13 provides that the Court may reduce a term of imprisonment pursuant to a defendant's motion under 18 U.S.C. § 3582(c)(1)(A) if, after considering the applicable factors set forth in 18 U.S.C. § 3553(a), the Court determines that:

(1) (A) extraordinary and compelling reasons warrant the reduction; or

(B) the defendant (i) is at least 70 years old; and (ii) has served at least 30 years in prison pursuant to a sentence imposed under 18 U.S.C. § 3559(c) for the offense or offenses for which the defendant is imprisoned;

(2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and

(3) the reduction is consistent with this policy statement.

4

U.S.S.G. § 1B1.13(a).  In determining whether a defendant poses a danger to the community, the Court weighs the following factors: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release.  18 U.S.C. § 3142(g).  In doing so, the Court considers the defendant's post-conviction conduct and whether the defendant is presently a danger.  *Pepper v. United States*, 562 U.S 476, 492 (2011); *see also United States v. Mills*, 2022 WL 206074, at *7 (D.SC. Jan. 24, 2022).

IV.    ANALYSIS

Mr. Wilder has moved for reconsideration of the Court's April 17, 2025, Decision denying his motion for a reduced sentence, upon the grounds that: (1) the Court has held that he has shown an extraordinary and compelling reason for compassionate release, due to his terminal illness and (2) the objective evidence in this case shows that he no longer poses a danger to the victim of his crime.  ECF No. 186 at 2-6.  And so, Mr. Wilder requests that the Court grant his motion for reconsideration and reduce his sentence to time served.  ECF No. 186 at 8.

In its response in opposition to Mr. Wilder's motion, the Government argues that the objective evidence in this case shows that Mr. Wilder remains a danger to the victim of his crime.  ECF No. 188.  And so, the Government requests that the Court deny the Mr. Wilder's motion for reconsideration.  *Id*.

For the reasons that follow, Mr. Wilder has shown through objective evidence that he no longer poses a danger to the victim of his crime, and that any potential danger that he may pose to the victim can be mitigated by requiring that he have no contact with the victim as an additional condition of his supervised release.  And so, the Court: (1) GRANTS the Defendant's motion for reconsideration (ECF No. 186); (2) GRANTS the Defendant's motion to reduce sentence (ECF No. 166); and (3) REDUCES the Defendant's sentence to time served, pursuant to 18 U.S.C. § 3582(c)(1)(A).

### A. Mr. Wilder Has Shown An Extraordinary And Compelling Reason For Compassionate Release

As an initial matter, the Court is satisfied that Mr. Wilder has shown an extraordinary and compelling reason for compassionate release, due to his terminal illness.  As the Court previously held in this matter, Mr. Wilder is suffering from end-stage renal failure and his medical condition

constitutes a "terminal illness" that qualifies as an "extraordinary and compelling reason" for compassionate release. ECF. No 184 at 5. And so, the Court next reconsiders whether Mr. Wilder has shown that he no longer poses a danger to the victim of his crime, based upon the objective evidence before the Court.

### B. Mr. Wilder Has Shown That He No Longer Poses A Danger To His Victim

Based upon a careful review of the evidence currently before the Court, the Court is satisfied that Mr. Wilder no longer poses a danger to the victim of his crime, given the passage of eight years since he last had contact with the victim, his post-incarceration rehabilitation and the nature of his terminal illness. In determining whether Mr. Wilder remains a danger to his victim or to the community, the Court considers: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). In doing so, the Court takes into account the defendant's post-conviction conduct and whether the defendant is presently a danger. *Pepper v. United States*, 562 U.S 476, 492 (2011); *see also United States v. Mills*, 2022 WL 206074, at *7 (D.SC. Jan. 24, 2022).

In this case, the first and second factors that the Court considers continue to weigh in favor of finding that Mr. Wilder poses a danger to the victim of his crime. Notably, as the Court observed in the April 17, 2025, Decision, the nature and circumstances of the arson offense for which Mr. Wilder has been convicted are serious and troubling. Mr. Wilder stands convicted of attempting to set fire to an apartment building where the victim resided at the time. ECF No. 194 at 6. As the Court also observed in the April 17, 2025, Decision, the weight of evidence against Mr. Wilder regarding this offense is strong. ECF No. 184. And so, these factors weigh in favor of finding that Mr. Wilder still poses a danger to the victim against a reduction of his sentence.

But, the remaining factors that the Court considers—the history and characteristics of the Defendant and the nature and seriousness of the danger to any person or the community that would be posed by his release—indicate that Mr. Wilder no longer poses a danger to the victim or the community. As discussed above, Mr. Wilder suffers from end-stage renal failure, which is a terminal illness. ECF No. 166 at 6-8. He requires a kidney transplant and he must undergo frequent dialysis multiple times each week. *Id*.

It is also undisputed that Mr. Wilder has had no contact with the victim in more than eight years. ECF No. 186 at 1-2. Mr. Wilder also informs the Court that he is willing to accept and comply with an additional condition of his supervised release that he does not contact Ms. Harrington. ECF No. 186-1 at 3-4; *see also* ECF No. 186 at 2. Given this, the objective evidence before the Court indicates that Mr. Wilder is not in a physical or emotional position to pose a danger to the victim of his crime.

The evidence before the Court also shows that the nature and seriousness of the danger to the victim or the community that would be posed by his release is low. As the Court previously observed in the April 17, 2025, Decision, Mr. Wilder has limited criminal history, despite several brushes with the law prior to his conviction in this matter. ECF No. 184 at 6. Notably, the offense at issue in this case is Mr. Wilder's first conviction for a violent crime and he has no history of violence during his period of incarceration. *See* ECF No. 145 at ¶¶ 42 and 48; ECF No. 166-8; ECF No. 166-9; ECF No. 166-10.

In addition, the evidence before the Court shows that Mr. Wilder has taken important steps towards his post-conviction rehabilitation. Notably, Mr. Wilder has taken steps to address the substance abuse issues that he was suffering from at the time of the offense at issue in this case, by completing several drug abuse treatment programs during his incarceration and committing himself to sobriety. *Id*. at 17; *see* ECF No. 166-8; *see also* ECF No. 166-17 (Statement of Mr. Wilder's, a drug abuse treatment specialist at the BOP, Eleni Travers that Mr. Wilder has been a valuable contributor to multiple substance abuse programs that he attended over the years.). The BOP has also classified Mr. Wilder as a low-security inmate who presents a low risk of reoffending. ECF No. 166-9; ECF No. 166-10. In this regard, the evidence shows that Mr. Wilder has received only a few low-level infractions for failing to stand for count, refusing an assignment and telephone abuse during his period of incarceration. ECF No. 166-8; *see also* ECF No. 166-9.

Lastly, the Court must acknowledge that it takes very seriously the concerns of the Government that Mr. Wilder's victim, Ms. Harrington, remains fearful of him and opposes his early release. Such concerns are understandable given the nature of the offense for which the Defendant has been convicted. But the Government has not put forward any evidence to show how or why Mr. Wilder objectively poses a danger to the victim, or to the community generally, in this case. ECF Nos. 171 and 188. The absence of such evidence is particularly telling, given

Mr. Wilder's current physical condition and the passage of at least eight years since he last had any contact with Ms. Harrington. The Government also does not explain how requiring Mr. Wilder to serve the remaining nine months of his sentence would meaningfully mitigate its concerns about a reduction of Mr. Wilder's sentence to time served. ECF Nos. 171 and 188.

The Court is also satisfied that imposing the requirement that Mr. Wilder have no contact with Ms. Harrington as an additional condition of his supervised release will mitigate any remaining concerns that he could pose a danger or threat to the victim of his crime. *Id*. at 7-8; ECF No. 186-1 at 3-4. And so, for the above reasons, the Court concludes that Mr. Wilder no longer poses a danger to the victim of his crime or to the community.

### C. The Section 3553(a) Factors Support A Reduced Sentence

As a final matter, the Court is also satisfied that the relevant Section 3553(a) factors and policy statements support a reduction of Mr. Wilder's sentence to time served. As discussed above, the offense at issue in this case is quite serious, but Mr. Wilder's medical condition and personal circumstances show that he no longer poses a danger to the victim of his crime or to the community. 18 U.S.C. § 3553(a)(1). Mr. Wilder has also served most of his sentence. Mr. Wilder has been incarcerated since November 2017, and his expected release date is September 29, 2026. ECF No. 166-2 at 2. Given this, Mr. Wilder has served approximately 79% of his sentence to date. *See* ECF No. 166-2 at 2.

It is also undisputed that Mr. Wilder has been incarcerated for a period that is significantly longer than the applicable Guidelines range sentence in this case. 18 U.S.C. § 3553(a)(3); *see also* ECF No. 145 at ¶ 96; U.S.S.G. § 5G1.2(b) (Showing the Guidelines range for a defendant with a criminal history Category I and a total offense level of 24 is 60-63 months.). In this regard, the Court observes that the need to avoid unwarranted sentencing disparities is one of the factors that the Court may consider in deciding whether to reduce a sentence. 18 U.S.C. § 3553(a)(6). In this case, this factor also weighs in favor of reducing Mr. Wilder's sentence to time served, because his period of incarceration to date is significantly longer than the sentences imposed in this Circuit on similarly situated defendants. *See* 18 U.S.C. § 3553(a)(6); *see also United States v. Hendrix*, Crim. No. 21-0181 (D. Md. 2021) (the defendant received a 37-month sentence after setting fire to his parents' house while his parents were still inside); *United States v. White*, 771 F.3d 225 (4th Cir. 2014) (the defendant received 78-month sentence for burning rental duplex for insurance proceeds); *United States v. Meckley*, 652 Fed.

App'x 207 (4th Cir. 2016) (affirming a 60-month sentence for a defendant convicted of arson who burned her employer's office building to hide her embezzlement of funds, which caused more than $1,200,000 in damages.

      Lastly, the Court is satisfied that reducing Mr. Wilder's sentence to time served will allow him to receive needed medical care, including a possible kidney transplant. 18 U.S.C. § 3553(a)(2)(D). A reduction of Mr. Wilder's sentence to time-served is also consistent with the policy statement issued by the Commission in U.S.S.G. § 1B1.13. *See* U.S.S.G. § 1B1.13(b)(1)(A) (providing that the Court may reduce a term of imprisonment if: (1) extraordinary and compelling reasons warrant the reduction; (2) the defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) the reduction is consistent with this policy statement.). And so, the relevant Section 3553(a) factors and policy statements weigh in favor of reducing Mr. Wilder's sentence.

## V.   CONCLUSION

      For the foregoing reasons, the Court:

        (1) **GRANTS** the Defendant's motion for reconsideration (ECF No. 186);

        (2) **GRANTS** the Defendant's motion to reduce sentence (ECF No. 166); and

        (3) **REDUCES** the Defendant's sentence to time served, pursuant to 18 U.S.C. § 3582(c)(1)(A).

**IT IS SO ORDERED.**

                                        s/Lydia Kay Griggsby
                                        LYDIA KAY GRIGGSBY
                                        United States District Judge